WOLLMAN, Circuit Judge.
First National Bank of El Dorado appeals from the order substantively consolidating several debtors in a bankruptcy proceeding. We affirm.
I.
Walter John Giller, Jr. (Giller) was the sole or majority shareholder of six corporations. Giller filed a voluntary Chapter 11 *798 bankruptcy petition, and the trustee for Giller’s estate thereafter filed voluntary Chapter 11 bankruptcy petitions for the six corporations (the Debtors). The Debtors moved to substantively consolidate their Chapter 11 cases. Only one creditor, First National Bank of El Dorado (First National), objected to the motion for consolidation.
At the conclusion of the two-day hearing, the bankruptcy court[1] announced its findings and conclusions. The court found that Giller had abused the Debtors’ corporate forms and had caused transfers among the Debtors that might give rise to fraudulent conveyance and preference causes of action. Since only one of the Debtors was solvent, however, the Debtors could not pay for the accountants and lawyers necessary to pursue the causes of action. The bankruptcy court therefore determined that the “only hope” of obtaining monies to pay the unsecured creditors was to consolidate the Debtors and use the consolidated entity’s assets to finance the lawsuits. The bankruptcy court recognized the potential harm of consolidation to the creditors of the one solvent Debtor; consequently, it left open the possibility that those creditors might be classified separately from, and treated more generously than, the creditors of the other Debtors. The bankruptcy court ruled that consolidation would eliminate all causes of action by one Debtor against another, but it preserved the trustee’s avoidance powers as to any transfers made by the Debtors to third parties for the benefit of other Debtors.
First National appealed the bankruptcy court’s decision to the district court,[2] which affirmed. First National now appeals to this court, arguing that the district court erred because: 1) the bankruptcy court did not adequately state its findings of fact and conclusions of law; 2) the record does not support the bankruptcy court’s findings; 3) the Debtors did not adduce sufficient evidence to support the conclusion that consolidation was appropriate; and 4) the trustee should not retain the power to avoid transfers by a Debtor to a third party for the benefit of another Debtor.
II.
First National first argues that the bankruptcy court did not adequately state its findings of fact and conclusions of law. A bankruptcy court’s statement is adequate if it is “sufficient to give an appellate court a clear understanding of the grounds of its decision ... so that the parties and reviewing court understand what it has decided and why.” White Indus., Inc. v. Cessna Aircraft Co., 845 F.2d 1497, 1499 (8th Cir.), cert. denied, 488 U.S. 856, 109 S.Ct. 146, 102 L.Ed.2d 118 (1988).
As demonstrated by the factual summary above, we understand what the bankruptcy court found and the reasons supporting its decision. It follows that the bankruptcy court’s statement is adequate. We therefore reject First National’s first argument.
First National next argues that the record does not support the bankruptcy court’s findings of fact. We review the bankruptcy court’s findings of fact using a clearly erroneous standard. In re Phillips, 882 F.2d 302 (8th Cir.1989).
The record amply supports the bankruptcy court’s findings. The abuses of the corporate form, including the potentially fraudulent or preferential transfer of assets, is apparent from Giller’s own testimony. Giller stated, for example, that one of the Debtors financed the other Debtors, but no regular repayment schedule had been established, and that all the Debtors had headquarters in a building owned by one of the Debtors, but none paid rent. In addition, at least one of the Debtors used its assets to secure loans to another Debt- or, and employees hired by two of the Debtors performed uncompensated services for all the Debtors. The bankruptcy court’s finding as to the insolvency of five *799 of the six Debtors finds support in, among other things, the schedules filed with the Debtors’ bankruptcy petitions. The schedules also support the bankruptcy court’s finding that the only hope for paying the bulk of the creditors was to use the assets of the one solvent Debtor to pursue fraudulent conveyance and preference causes of action. We find no clear error.
First National also argues that the bankruptcy court erred in ordering consolidation because the Debtors did not introduce sufficient evidence to justify it. The Debtors assert that we should review the propriety of the bankruptcy court’s substantive consolidation order under a clearly erroneous standard; First National does not state what the standard of review should be. Since the bankruptcy court’s power to order substantive consolidation is equitable, an abuse of discretion standard may be appropriate. See In re Gulfco Inv. Corp., 593 F.2d 921, 926 (10th Cir.1979) (“we must determine whether the district court abused its discretion in ordering the consolidation, or, stated differently, do the facts justify consolidation” under the appropriate legal standard). We need not resolve this question, as we conclude that consolidation was appropriate under any standard of review.
Factors to consider when deciding whether substantive consolidation is appropriate include 1) the necessity of consolidation due to the interrelationship among the debtors; 2) whether the benefits of consolidation outweigh the harm to creditors; and 3) prejudice resulting from not consolidating the debtors. In re N.S. Garrott & Sons, 48 B.R. 13 (Bankr.E.D.Ark.1984). As described above, there is evidence in the record indicating the necessity of consolidating the interrelated Debtors. Failure to consolidate the Debtors would prejudice the creditors of the insolvent Debtors because the insolvent Debtors could not afford to bring legal actions to recover transferred assets. Finally, the benefits of consolidating the Debtors outweigh the harms because the lawsuits may generate sufficient funds to pay creditors of the insolvent Debtors while still preserving the recovery by the creditors of the solvent Debtor. We perceive no error in the bankruptcy court’s decision to consolidate the Debtors.
First National next argues that the trustee should not retain the power to avoid transfers by one Debtor (“Debtor A”) to a third party for the benefit of another Debtor (“Debtor B”). First National notes that the avoidance power is intended to allow the recovery of assets transferred without fair consideration, thus protecting creditors who counted on those transferred assets for repayment. After consolidation, however, the benefit Debtor B received from a conveyance becomes a benefit to Debtor A, since consolidation renders them both part of the same entity. Thus, First National argues, the benefit Debtor B received supports the transfer Debtor A made, eliminating the necessity to undo the transaction. It follows, First National maintains, that the creditors of Debtor A suffer no harm following consolidation because the loss of Debtor A’s asset is offset by the elimination of Debtor B’s liability. See In re Parkway Calabasas Ltd., 89 B.R. 832 (Bankr.C.D.Cal.1988), aff'd, 949 F.2d 1058 (9th Cir.1991).
We recognize that substantive consolidation normally would eliminate the justification for the exercise of the trustee’s avoidance power. Nonetheless, the bankruptcy court retains the power to order a less than complete consolidation. See id. at 837. Here, eliminating the trustee’s avoidance power after consolidation would also eliminate the very reason for ordering consolidation in the first place, that is, to obtain the funds required to recover transferred assets. The bankruptcy court therefore did not err in preserving the avoidance power of the trustee.
We reject First National’s remaining argument as without merit.
The judgment of the district court is affirmed.

. The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

. The Honorable Oren Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas.