**Kim Michael FONDER, Sr., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 91–2872.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1992.

Decided Sept. 9, 1992.

John H. Mairose, Rapid City, S.D., argued, for plaintiff-appellant.

Charles L. Nail, Jr., Sioux Falls, S.D., argued (Martha L. Davis and Clifford J. White, III, on brief), for defendant-appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

Kim Michael Fonder appeals the district court[1] judgment affirming the bankruptcy court's[2] dismissal of his Chapter 7 bankruptcy petition. The bankruptcy court held that the petition was a "substantial abuse" of Chapter 7 within the meaning of § 707(b) of the Bankruptcy Code, 11 U.S.C. § 707(b), because Fonder has the financial ability to fund a Chapter 13 plan that will repay a substantial portion of his unsecured debt in three to five years. Fonder argues that this was the wrong legal standard and a clearly erroneous finding. We affirm.

## I.

Fonder's voluntary Chapter 7 petition listed $39,417 of assets, $66,356.41 of total debt, and $26,556.41 of unsecured debt. His filing included a Schedule of Current Income and Current Expenditures ("Income/Expense Schedule") that listed estimated average monthly income of $2,349.74

---

1. The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota.

2. The HONORABLE IRVIN N. HOYT, Chief Judge, United States Bankruptcy Court for the District of South Dakota.

and estimated average total monthly expenses of $2,345.23. Fonder testified at the first meeting of creditors that these listings were accurate.

The United States Trustee filed a motion to dismiss the Chapter 7 proceeding for substantial abuse under § 707(b).[3] At the evidentiary hearing on this motion, the Trustee called Fonder and established that his estimated average monthly income should be increased from $2,349.74 to $2,671.28 per month and that his Income/Expense Schedule included significant income tax overwithholding. In response, Fonder submitted a new expense schedule adjusting his estimated total monthly expenses upward from $2,345.23 to $2,804.87 per month. Fonder also testified that he anticipated additional expenses of $3,430 for orthodontic care and $4,190 for home repairs.

At the close of the evidence, the Trustee argued that the record established substantial abuse: Fonder's unsecured debts would require payments of $738 per month for thirty-six months or $443 for sixty months; the increased income admitted by Fonder would provide $321.54 per month of disposable income over and above the expenses listed on his original Income/Expense Schedule to repay that unsecured debt; the excess withholding would provide an additional $252 per month; additional disposable income was available because one unsecured creditor was improperly preferred on the Income/Expense Schedule and because some short-term secured debt would be repaid in less than three years; therefore, Fonder could clearly fund a Chapter 13 plan, making his Chapter 7 petition a substantial abuse. Fonder argued that the bankruptcy court should accept his revised monthly estimated expenses, which would leave him unable to fund a Chapter 13 plan.

After hearing argument, the bankruptcy court granted the Trustee's motion to dismiss, stating its findings and conclusions orally from the bench. Applying our decision in *In re Walton*, 866 F.2d 981 (8th Cir.1989), the court held that substantial abuse is primarily determined by the debtor's ability to fund a Chapter 13 plan, and observed that most bankruptcy courts equate the ability to fund a Chapter 13 plan with the ability to repay at least fifty percent of unsecured debts in three to five years. The court then found that Fonder had the ability to fund a Chapter 13 plan:

In this case the bottom line is when you go through—I'm not going to go through and sift through everything here[. T]o your credit[, y]ou have the ability to fund something in a Chapter 13 plan, if you chose to do so, and that's what I have to look at.

... I certainly understand that you have maintenance problems with the trailer and things like that....

But when I say that's something that can wait for either a three year or five year period, and that's what I have to look at, it's a deferred maintenance ... but it's not something that is an [im]minent harm.

So without sifting through those, you know, the bottom line is that because you have a good job and you work hard and you keep it, you have the ability to pay back a percentage of your creditors, which would, in my mind under the legal opinions that were cited here today, would prevent you from being in Chapter 7.

\* \* \* \* \*

The thing that I would have to find today, based upon all the facts and figures and your being very candid and forthright is you do have the ability to fund the [Chapter 13] plan if you choose to do so. That being the case, under the In Re: Walton case I would have to find there would be a substantial abuse to allow a Seven to proceed.

The bankruptcy court gave Fonder ten days to convert his petition to a Chapter 13. When Fonder declined to convert, the court

---

**3.** Section 707(b) provides, in relevant part:
[T]he court, on its own motion or on a motion by the United States Trustee ... may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.

dismissed the Chapter 7 proceeding. The district court affirmed, and this appeal followed. We have jurisdiction under 28 U.S.C. § 158(d).

## II.

■ We have recently confirmed that the bankruptcy court correctly interpreted our decision in *Walton* "as contemplating that the ability to fund a chapter 13 plan can be sufficient reason to dismiss a chapter 7 petition under § 707(b)." *United States Trustee v. Harris*, 960 F.2d 74, 77 (8th Cir.1992) (citation omitted). *See also In re Kelly*, 841 F.2d 908, 914–15 (9th Cir.1988). At oral argument, Fonder conceded that issue but argued that the bankruptcy court could not determine his ability to fund a Chapter 13 plan because it only had the information provided in his Chapter 7 filing. This issue is not properly before us because it was not raised in the bankruptcy court. *See United States Trustee v. Harris*, 960 F.2d at 78. But in any event it is without merit.

■ When Congress enacted § 707(b) in 1984, it also added the requirement that debtors file an Income/Expense Schedule "[t]o facilitate addressing the question of abuse in Chapter 7 cases." 3 *Norton Bankruptcy Law and Practice* § 69.01, n. 12 (1991); *see* 11 U.S.C. § 521(1). The same petition and schedules are filed to commence Chapter 13 and Chapter 7 proceedings. The only thing missing in a Chapter 7 filing is the Chapter 13 proposed plan, which takes the monthly disposable income information from the Income/Expense Schedule and proposes a plan for its distribution to creditors. Therefore, we conclude that Fonder's Chapter 7 filing, plus the information developed at the § 707(b) motion hearing, were adequate to make the determination required under the *Walton/Harris* standard.

■ In addition, Fonder's attempt to link Chapters 7 and 13 in this manner misapprehends our approach to § 707(b). While the *Walton/Harris* test for substantial abuse focuses on whether the debtor can fund a Chapter 13 plan, the essential inquiry remains whether the debtor's ability to repay creditors with future income is sufficient to make the Chapter 7 liquidating bankruptcy a substantial abuse of the Code. We have never held that, to be dismissed under § 707(b), a debtor must be eligible for Chapter 13 relief. In some cases, despite a substantial abuse dismissal, the debtor may not qualify under Chapter 13. *See In re Krohn*, 886 F.2d 123, 127 (6th Cir.1989). Congress could have written the statute to guarantee relief under Chapter 13 to those who substantially abuse Chapter 7, but it chose not to do so.[4]

Finally, since the bankruptcy court cannot compel a debtor to file a Chapter 13 plan, *see* § 706(c), accepting Fonder's argument that the court must have a Chapter 13 plan in order to make a substantial abuse determination would render § 707(b) a virtual nullity. For all these reasons, we conclude that the bankruptcy court applied the correct legal standard for substantial abuse under § 707(b).

## III.

■ Fonder also attacks the bankruptcy court's determination that he has sufficient disposable income to fund a Chapter 13 plan. We review the bankruptcy court's findings of fact under the clearly erroneous standard, *see Hanson v. First Bank of South Dakota*, 828 F.2d 1310, 1312 & n. 3 (8th Cir.1987); its determination that the facts constituted substantial abuse is reviewed de novo. *See In re Briggs Transp. Co.*, 780 F.2d 1339, 1342 (8th Cir.1985). A bankruptcy court's statement of its findings and conclusions must be "sufficient to give an appellate court a clear understanding of the grounds of its decision ... so that the parties and reviewing court understand what it has decided and why." *In re Giller*, 962 F.2d 796, 798 (8th Cir. 1992) (citation omitted). Oral findings and conclusions under Rule 52(a) "must be liberally construed and found to be in consonance with the judgment if the judgment

---

**4.** There is no constitutional right to bankruptcy protection. *See United States v. Kras*, 409 U.S. 434, 446–47, 93 S.Ct. 631, 638–39, 34 L.Ed.2d 626 (1973).

has support in the record evidence." *Jiles v. Ingram,* 944 F.2d 409, 414 (8th Cir.1991) (citations omitted).

After a careful review of the record we find no error in the bankruptcy court's determination. By proving that Fonder had underestimated his disposable income, the Trustee presented evidence in his case-in-chief that Fonder could pay at least 89% of his unsecured debt in a three-year period and over 100% in a five-year period (this estimate is conservative, because it disregards the positive income effect of eliminating his admitted overwithholding). Fonder responded by increasing his estimated monthly expenses by over $400, even though he had sworn to the accuracy of his original expense schedule in the petition and at the first meeting of creditors. The bankruptcy court rejected all or a substantial portion of this increase—a finding that is not clearly erroneous—and concluded that the Trustee had demonstrated Fonder's ability to fund a Chapter 13 plan that would repay a substantial portion of his unsecured creditors in three to five years. On this record, the bankruptcy court's conclusion to dismiss for substantial abuse was plainly warranted under our decisions in *Walton* and *Harris.*

The judgment of the district court is affirmed.