## In the Matter of Curtis BUTTS & Pamela Butts, Debtor(s).

Bankruptcy No. 91–12517.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Dec. 4, 1992.

Ward W. Miller, Ft. Wayne, IN, for debtors.

William Andersen, Office of the U.S. Trustee, South Bend, IN, for U.S. Trustee.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

Throughout history the search for secret knowledge or objects of mystery and power has always fascinated man. One of the most enduring sagas from the middle ages involves the search for the Holy Grail, the mystical cup of Christ from the last supper. Whether in the form of Chrétien's unfinished poem, Wolfram's completed tale, Wagner's opera, Monte Python, Indiana Jones or any of its other incarnations, the story of this quest continues to delight and enthrall. The matter now before the court involves the quest for a grail of another kind. The United States Trustee does not seek the cup of Christ but, instead, searches for the magical point at which a debtor's ability to repay its creditors, without more, becomes a substantial abuse of the provisions of Chapter 7, *justifying* dismissal of the case.

The court may dismiss a petition under Chapter 7 "if it finds that the granting of relief would be a substantial abuse of the provisions of [that] Chapter." 11 U.S.C. § 707(b). Although § 707(b) motions are most often reviewed based upon "the totality of the circumstances", there is widespread agreement that a debtor's ability to repay all or a substantial portion of its debts, without more, may justify dismissal. *See e.g. Fonder v. United States*, 974 F.2d 996, 999 (8th Cir.1992); *In re Walton*, 866 F.2d 981, 985 (8th Cir.1989); *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989); *In re Kelly*, 841 F.2d 908, 914 (9th Cir.1988). *Contra In re Green*, 934 F.2d 568, 572 (4th Cir.1991) (while the debtor's ability to repay is a primary factor to be considered,

solvency alone is not a sufficient basis for dismissal). In harmony with the majority position, this court has previously recognized that the ability to pay will, by itself, support a conclusion of substantial abuse. *Matter of Ploegert,* 93 B.R. 641, 642 (Bankr.N.D.Ind.1988); *Matter of Strong,* 84 B.R. 541, 545 (Bankr.N.D.Ind.1988). Nonetheless, the concept of substantial abuse retains sufficient flexibility to allow the court to consider other factors as well. *Id.* The present case, however, presents few, if any, of the additional factors that courts have often considered in guiding their decision and the U.S. Trustee's only argument in favor of dismissal is based upon Mr. Butts' ability to repay his creditors.[1]

Mr. Butts is and for twelve years has been employed as a pharmacist. He currently enjoys an annual income in excess of $57,000.00, which he can reasonably expect to increase gradually over the next several years. Based upon the information presented at trial, the debtor's monthly income exceeds his reasonable living expenses by $413.85. In addition to this "disposable income", *see* 11 U.S.C. § 1325(b)(2)(A), the debtor is making periodic payments to creditors which will cease in the near future. Mr. Butts is currently paying $100.00 per month on account of attorney fees remaining from the divorce and as a result of the bankruptcy proceeding. These obligations will be fully satisfied within the next eighteen months. Additionally, he is paying $199.00 per month on account of a used car which he purchased after the date of the petition. These payments will continue for another fourteen months. Consequently, at the present time, the debtor has the ability to pay $413.85 a month towards his obligations to prepetition creditors. When the post-petition car loan is satisfied, at the end of fourteen months, he will have an additional $199.00 a month to devote to this purpose. After eighteen months, when he has fully paid the fees due his attorneys, another $100.00 per month could be devoted to the payment of prepetition debt.

Based upon the income currently available, without any change in his present life style, Mr. Butts could devote $21,076.60 to the payment of his prepetition creditors over the three year life of a Chapter 13 plan.[2] If the plan were extended to the maximum life of five years an additional $17,108.40 would become available,[3] for a total funding of $38,185.00. The debtor's unsecured pre-petition obligations, which are primarily consumer debts, total $50,690.24. Consequently, debtor has the ability to pay approximately 42% of his unsecured debt over the thirty-six month life of a Chapter 13 plan and approximately 75% of that debt if the plan were extended to sixty months.[4] Based upon this ability to pay, the U.S. Trustee urges the court to conclude that to grant relief to Mr. Butts would constitute a substantial abuse of Chapter 7.

It is easier for this court to identify what this case is not rather than what it is. This is not a situation in which the debtor's need to seek bankruptcy relief was due to a sudden calamity. At the same time, however, it is not a product of excessive spending shortly before bankruptcy or the abusive use of credit. *See e.g. In re Andrus,* 94 B.R. 76 (Bankr.W.D.Pa.1988); *In re Grant,* 51 B.R. 385 (Bankr.N.D.Ohio 1985); *In re Gyurci,* 95 B.R. 639 (Bankr.D.Minn. 1989). Instead, it appears as though the debtor's financial problems arise out of the

---

**1.** Since the petition was filed the debtors have divorced. The U.S. Trustee acknowledges that granting relief as to Pamela Butts would not constitute a substantial abuse. Dismissal is sought only as to the debtor Curtis Butts.

**2.**

| | |
|---|---|
| $413.85 × 36 = | $14,898.60 |
| 100.00 × 18 = | 1,800.00 |
| 199.00 × 22 = | 4,378.00 |
| Totals | $21,076.60 |

**3.** ($413.85 + $199.00 + 100) × 24 = $17,108.40

**4.** The actual percentage of the distribution to unsecured creditors could be slightly smaller due to payment of the administrative claims which would undoubtedly be associated with a Chapter 13, such as the trustee's commission and any attorney fees that might be sought by debtor's counsel. The court's calculations do not, however, include the debtor's anticipated salary increases, which would operate to off-set this reduction.

gradual erosion of his finances during the years prior to the petition. *In re Beles,* 135 B.R. 286, 288 (Bankr.S.D.Ohio 1991). This is not a case in which the debtor indulges himself in extravagant spending or an excessive life style. *See Gyurci,* 95 B.R. at 643; *Grant,* 51 B.R. at 394. Debtor's standard of living, while not spartan, is one of modest comfort. The debtor has been as forthright and as accurate in disclosing his finances as the U.S. Trustee could reasonably wish. *Compare Ploegert,* 93 B.R. at 643; *Andrus,* 94 B.R. at 77. He has neither taken advantage of the bankruptcy to continue a profligate pre-petition life style nor attempted to improve his post-petition standard of living. *See e.g. In re Vesnesky,* 115 B.R. 843, 848-49 (Bankr.W.D.Pa.1990); *Ploegert,* 93 B.R. at 643-44; *Grant,* 51 B.R. at 397. He has, instead, tried to downsize his expenses. This is not a situation, as so often confronts the court, in which the debtor seeks to discharge only its unsecured obligations and reaffirms all of its secured debt in order to retain the property subject to creditors' liens. Since the petition was filed, the debtor has willingly allowed his home to be foreclosed upon and sold; he has also surrendered a late model leased vehicle to the lessor/lienholder and replaced it with older, more modest and cheaper transportation.

■ Substantial abuse is a flexible concept. It exists along a continuum. There is no bright line test which will readily determine when something moves from being no abuse through merely abusive on to become a substantial abuse. The court recognizes that other decisions dismissing cases pursuant to § 707(b) have involved debtors whose ability to pay was commensurate with the ability it finds Mr. Butts to have. *In re Roth,* 108 B.R. 78, 81 (Bankr. W.D.Pa.1989) (43% in three years); *Gyurci,* 95 B.R. at 643; (40%—50% in three years); *In re Newsom,* 69 B.R. 801, 805 (Bankr. D.N.D.1987) (47%—80% in three to five years); *Grant,* 51 B.R. at 388 (68% in five years). While the court is not prepared to

say that it would never conclude that granting Chapter 7 relief to a debtor with Mr. Butts' ability to repay creditors constitutes a substantial abuse, it will not do so now; not with this debtor.

In the medieval Grail legends, the quest was achieved only when the questor found, within himself, the compassion to ask the questions which would heal the Grail King and with him the devastation that had come to his kingdom. Perhaps this is the secret of or the lesson to be learned from the Quest for the Holy Grail—that the journey will come to an end only when we find it within ourselves to take compassion upon the suffering of another. Perhaps this is also the secret to proceedings under § 707(b); whether or not the case will be dismissed turns upon the extent to which the court, after examining the debtor's situation and financial affairs, is able to find within itself the compassion needed to allow the debtor to proceed. *See In re Martin,* 107 B.R. 247, 249 (Bankr.D.Alaska 1989). The court must apologize if it sounds like it is claiming the unbridled discretion of a medieval chancellor, who could grant or withhold relief solely upon the basis of whether or not a supplicant was able to move it to pity or compassion. This court's discretion is not so unbridled. It is, instead, guided by the purposes of both bankruptcy relief and § 707(b), aided by the presumption in favor of granting relief.

In this instance, the court is satisfied that the debtor seeks nothing other than what Chapter 7 was, in its purest form, designed to provide; relief from the weight of all pre-petition debt and the opportunity to begin his financial life anew. In return for this boon, he is willing to surrender his few possessions to his creditors, claiming for himself only the modest exemptions in personal property permitted by Indiana law. The court cannot find, as a matter of fact, that this debtor's ability to repay creditors constitutes a substantial abuse of Chapter 7 and will not conclude, as a mat-

ter of law, that his ability constitutes such an abuse.

The motion will be denied.