**In re Jerry Curtis MAY, Debtor.**

No. 00–9964–9P7.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 2, 2001.

Herbert A. Fried, Fort Myers, Florida, for debtor.

Thomas S. Heidkamp, Fort Myers, Florida, trustee.

Assistant United States Trustee, Tampa, Florida.

### ORDER ON MOTION TO DISMISS (Doc. # 12)

ALEXANDER L. PASKAY, Bankruptcy Judge.

JERRY CURTIS MAY (Debtor) filed his Petition for Relief under Chapter 7 of

the Bankruptcy Code on June 26, 2000. Schedule B (Trustee's Exhibit 3) attached to the Petition stated the total value of his assets as $118,911.82. Among the assets scheduled were a Variable Annuity IRA and a 401K plan valued at $81,414.65. The Debtor's total unsecured obligations per Schedule F (Trustee's Exhibit 4) total $63,132.79. The Debtor in his Schedule I (Trustee's Exhibit 5), the Current Income Statement, indicated he is single and that his current gross income is $3,125.17 per month and with some overtime the total is $3,267.76. According to this Schedule, his total net monthly take home pay is $2,694.87. In his original Schedule of Current Expenses, Schedule J (Trustee's Exhibit 5), the Debtor stated his expenses to be $1,787.71 per month. Thus, facially it first appeared that the Debtor has a surplus of income over expenses of $907.16.

On October 23, 2000, the United States Trustee (Trustee or U.S. Trustee) filed a Motion pursuant to 11 U.S.C. § 707(b) and sought a dismissal of the Debtor's Chapter 7 case contending that to permit this Debtor to obtain a discharge in Chapter 7 would be a substantial abuse of the system. As noted earlier, the Debtor indicated on his Schedule I that he is single. However, he was in fact married to Beverly Stephenson who did not file a Petition for Relief. His claim of exemption as set forth in Schedule C listed the following items, which the Debtor seeks to immunize from administration:

A. "universal life" insurance policy with a monthly premium of $121.87 and a "variable life" insurance policy with a monthly premium of $121.87. The current market value of these policies combined is $26,145.60.

B. "fixed annuity IRA" with a current market value of $4,598.09.

C. variable annuity IRA with a monthly premium of $75.00 and a 401K plan. The current market value of these policies combined is $81,414.65.

The Schedule of Liabilities filed by the Debtor includes a secured debt owed to Sears in the amount of $3,119.00. However, the Debtor testified that this amount may no longer be owing. The Debtor has 13 general unsecured creditors, all or substantially all credit card debts totaling $63,132.79. The case was noticed as a no-asset case pursuant to Federal Rules of Bankruptcy Procedure 2002(e). However, because the Trustee recovered some assets, a claims bar date was set for December 6, 2000. Prior to the expiration of the bar date, the total unsecured claims filed were $31,863.05.

The Debtor has been and still is employed by Bonita Springs Utilities, Inc., as a wastewater treatment plant operator. In addition to his income from his employment, the Debtor also received some additional income from services he provides as an independent contractor. According to the record, the Debtor's level of income is consistent with the income he received in 1998 (Trustee's Exhibit 8) and 1999 (Trustee's Exhibit 7). The returns were filed jointly with his wife, Beverly Stephenson.

The Debtor's non-filing spouse is employed by MP Water Resources Group and had a gross salary in 1999 of $46,434.99. (Trustee's Exhibit 7, p. 27). The Debtor's scheduled monthly gross income, as noted earlier, is $3,267.76. The Debtor's Schedule I reflects monthly payroll deductions totaling $572.89 which includes $273.52 for payroll taxes and social security, $28.47 for insurance and $270.90 for his contribution to his 401K plan.

On January 11, 2001, Schedule J was amended (Trustee's Exhibit 6) in which the expenses increased to $2,705.93. The in-

crease is attributable to an increased listing in housing of $31.46, electricity of $5.00, home repairs of $100.00, his clothing allowance of $50.00, cost of transportation of $60.00 and additional expenses for dental of $112.50, cable of $45.00, car insurance of $67.00, anticipated car payment of $445.18, cell phone of $45.00 and payment to Associates National Bank credit card of $250.00. Therefore, the increase of expenses as reflected by Amendment to Schedule J, along with the net monthly income of $2694.87 reported on Schedule I resulted in a deficit of $11.06.

At trial, the Debtor introduced a further revised budget (Debtor's Exhibit 2) in which life insurance increased by $8.00, anticipated car payment increased $4.82, and homeowners insurance of $41.25 was taken out, bringing his total monthly expenses to $2,677.50. Debtor also contended that his net monthly income is actually $2,492.94 (Debtor's Exhibit 3) based on the figures in the W–2 form provided by Bonita Springs Utilities for 1999 divided by 12 (Trustee's Exhibit 7, page 25). Income of $2,494.94 and expenses of $2,677.50 results in a deficit of $184.56.

If this Court accepts the valuation of the Debtor, he has no disposable income from which he could fund any Chapter 13 Plan; therefore, he is entitled to retain the benefits offered by the Chapter 7 case through the general bankruptcy discharge available pursuant to § 727(a).

Based on the foregoing, it is the contention of the U.S. Trustee that the twice revised budget of the Debtor is substantially overstated without any justification for his expenses, and if one eliminates or reduces certain items such as the excessive amount for transportation, home repairs and car expenses, the expenses should be substantially below what is now claimed. Moreover, that the Debtor continues to pay $270.90 per month into his 401K plan, and contributions to 401K plans are generally rejected as unnecessary and unreasonable to a debtor who seeks relief in bankruptcy court. *See, e.g., In re Carlton,* 211 B.R. 468 (Bankr.W.D.N.Y.1997) (considering that 401K contributions may be voluntary); *In re Bicsak,* 207 B.R. 657 (Bankr. W.D.Mo.1997) (including amounts that Chapter 7 debtor had deducted from his income each month for thrift savings plan and for savings account as part of hypothetical Chapter 13 disposable income calculation, for purposes of determining whether case should be dismissed for substantial abuse); *In re Roth,* 108 B.R. 78 (Bankr.W.D.Pa.1989) (finding $150.00 per month contributions to 401K plan not necessary to fund present needs).

This Debtor has no dependents and while his wife is not a debtor, she has a substantial annual income and no doubt would certainly be able to share in meeting the expenses incurred for the family unit, e.g., general household expenses, including assisting with the rent or mortgage payment. Trustee argues that if the budget were readjusted to expenses of an acceptable level, i.e., reducing the $300.00 allocated for food, $100.00 for recreation and also reducing the life insurance expense to $50.00 per month, then Debtor could fund $49,610.16 over 36 months under a Chapter 13 plan, enough to pay over 70% of all unsecured debts.

In opposing the Motion, counsel for the Debtor contends that the very language of Section 707(b) provides that there shall be a presumption in favor of granting the relief requested by the Debtor and cites *In re Attanasio,* 218 B.R. 180 (Bankr. N.D.Ala.1998). The Debtor contends that he could not meet his debts as they became due because there are substantial marital debts arising from a previous marriage and his former wife ran up bills to the extent of $30,000 after she herself filed

bankruptcy. This $30,000, or half of the total $60,000 in debts were not caused by the Debtor and were not of his own making.

■ The majority of courts in dealing with this Section looked at the debtor's ability to repay the debts for which a discharge is sought. *In re Kelly,* 841 F.2d 908, 914 (9th Cir.1988); *U.S. Trustee v. Harris,* 960 F.2d 74 (8th Cir.1992); *Fonder v. United States,* 974 F.2d 996 (8th Cir.1992). All of these cases concluded that the Debtor's ability to pay creditors out of future income is sufficient to make the Chapter 7 liquidation case a substantial abuse. However, having income in excess of necessary expenses is not, by itself, sufficient to support a finding of substantial abuse of Chapter 7, and the bankruptcy court should engage in a "totality of the circumstances" analysis in determining whether a discharge would be a substantial abuse of Chapter 7. *In re Green,* 934 F.2d 568 (4th Cir.1991).

■ Applying the totality of circumstances, the Courts considered the following factors:

1. Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;

2. Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay;

3. Whether the debtor's proposed family budget is excessive or unreasonable;

4. Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and

5. Whether the petition was filed in good faith.

*In re Green,* 934 F.2d at 572.

■ This Court is satisfied that the ability to repay or fund the Chapter 13 plan is a factor, which must be considered although it is not an exclusive factor.

■ Debtor's budget first reflected a surplus of $907.16, then a deficit of $11.06 after Trustee's Motion to Dismiss was filed, and lastly it reflected a deficit of $184.56. The multiple revisions of the Debtor's budget that could be charitably described as creative budgeting casts some serious doubt on the Debtor's good faith. The good faith of the Debtor is certainly important and in this particular instance the Debtor's budget was amended twice. The most recent amendment just before trial is clearly indicative that it was done for the purpose of increasing the deficit to establish and to show that the Debtor has no surplus from which he can fund a meaningful Chapter 13 case. *See In re Weber,* 208 B.R. 575, 577 (Bankr.M.D.Fla.1997) (stating that a "telling sign and a red flag indicating bad faith is an inflated budget, especially an amended budget after the Debtor's right to remain in Chapter 7 is challenged").

Based on the foregoing, this Court is satisfied that the Trustee's Motion to Dismiss is well taken and to permit this Debtor to retain this Chapter 7 case and obtain a Chapter 7 discharge would be a substantial abuse of the system.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the U.S. Trustee's Motion to Dismiss be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the above-captioned Chapter 7 case be, and the same is hereby, dismissed unless the Debtor within ten (10)

days from the date of entry of this Order files a notice of conversion to Chapter 13.