# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2147

_____

| | | |
|---|---|---|
| In re: Douglas R. Edwards; | * | |
| Saundra S. Edwards, | * | |
| | * | |
| Debtors, | * | |
| | * | |
| ----------------------------------------- | * | |
| | * | |
| Douglas R. Edwards; | * | |
| Saundra S. Edwards, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Appellate Panel |
| | * | for the Eighth Circuit. |
| R.G. Edmondson, Trustee of the | * | |
| Jewell Edmondson Testamentary Trust, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 4, 2012
Filed: May 7, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Douglas and Saundra Edwards (Debtors) appeal the decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's[1] order allowing the claim of R.G. Edmondson, Trustee of the Jewell Edmondson Testamentary Trust.

Having carefully reviewed the bankruptcy court's factual findings for clear error and its conclusions of law de novo, we find no error in the bankruptcy court's determination of the claim. See In re Vote, 276 F.3d 1024, 1026 (8th Cir. 2002) (standards of review). As to Debtors' new arguments about the calculation of the claim amount, we decline to consider them in view of Debtors' decision not to testify or present any evidence in the bankruptcy court. See First Bank Investors' Trust v. Tarkio Coll., 129 F.3d 471, 476-77 (8th Cir. 1997) (appellate court ordinarily will not consider issues not presented to bankruptcy court in first instance). Likewise, we conclude that the BAP did not deny Debtors due process of law by declining to consider new arguments and exhibits not presented to the bankruptcy court. Finally, we note that Debtors' claim that their attorney engaged in malpractice does not provide a basis for relief. See Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (per curiam) (party to civil action does not have any right to new trial on basis that his retained counsel's representation was inadequate; remedy is suit against attorney for malpractice).

Accordingly we affirm. See 8th Cir. R. 47B. We also deny the pending motions.

———————————————————

[1]The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.