**UNITED STATES TRUSTEE, Appellee,**

v.

**Ronald Moses HARRIS and Rhonda Joann Harris, Appellants.**

No. 91–1984.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1991.

Decided March 26, 1992.

James A. Craig, Sioux Falls, S.D., argued, for appellants.

Charles L. Nail, Jr., Asst. U.S. Trustee, Sioux Falls, S.D., argued (Clifford J. White, III, Dept. of Justice, Washington, D.C., on brief), for appellee.

Before GIBSON, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MAGILL, Circuit Judge.

---

* Daniel M. Friedman, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

FRIEDMAN, Senior Circuit Judge.

The United States District Court for the District of South Dakota, reversing the bankruptcy court, directed that the petition of the appellant debtors for a liquidating bankruptcy under Chapter Seven of the Bankruptcy Act be dismissed because granting a bankruptcy discharge would constitute "substantial abuse" of the provisions of Chapter 7, under section 707(b) of the Bankruptcy Act, 11 U.S.C. 707(b) (1988). 125 B.R. 254 (1991). We hold that the district court correctly interpreted and applied Section 707(b) and affirm.

### I.

In April 1990, the appellants, Ronald and Rhonda Harris ("the Harrises") filed a petition for a liquidating bankruptcy under Chapter Seven of the Bankruptcy Act, 11 U.S.C. §§ 701–766 (1988 & Supp. II 1990). The debtors' schedule showed unsecured debts of $9,735, assets other than real property of $7,295, net monthly income of $2,249 and monthly expenses of $1,973.

The U.S. Trustee ("Trustee") moved to dismiss the petition under Section 707(b), which permits the bankruptcy court to dismiss a Chapter Seven proceeding if it finds that granting a discharge "would be a substantial abuse of the provisions of this chapter." The bankruptcy court denied the motion. It held that for there to be "substantial abuse" that warrants dismissal of the petition, two conditions must be met: the moving party must establish (1) that there is "[e]gregious behavior, such as repeated bankruptcy filings evidencing a lack of good faith, fraud, impropriety or evidence of misconduct," and (2) that "a significant portion of unsecured debt may be paid by net disposable income under a three year Chapter 13 plan."

The court ruled that "the Debtors have not committed any egregious act," but "diligently worked to pay off their debt long before bankruptcy was contemplated, and no wasting of assets has been alleged."

In determining the Harrises' ability to repay their unsecured debts over three years, the court made adjustments in the debtors' claimed expenses and income, including increasing the $400 monthly food expense to $600. Based on these adjusted income and expense figures, the court found that the debtors' "net disposable monthly income" would be $152 and that this amount "would permit 56% of the $9,735 unsecured debt to be paid off under a three year plan." The bankruptcy court ruled that "a 56% payment of unsecured debt under a three year plan funded by the Debtor's net disposable income is not a significant amount of repayment in comparison to other cases dismissed for substantial abuse which involved an ability to pay two-thirds or more of their unsecured debt over a three year period."

On the Trustee's appeal, the district court (C.J. Jones) reversed and remanded the case to the bankruptcy court with instructions to dismiss the Chapter Seven petition. The district court held that under this court's decision in *In re Walton*, 866 F.2d 981 (8th Cir.1989),

> the bankruptcy court must consider the debtor's ability to pay a substantial portion of his unsecured debts through a chapter 13 plan as the primary consideration under § 707(b). The ability of the debtor to pay a substantial portion of his unsecured debt under a chapter 13 plan is, in itself, sufficient grounds to dismiss the chapter 7 petition for substantial abuse. However, the bankruptcy court may also consider the debtor's good faith and unique hardships, so that the bankruptcy court is not required to dismiss a debtor's chapter 7 simply because the debtor has the naked ability to fund a chapter 13 plan.

The court held that the bankruptcy court, in requiring "egregious behavior" by the debtors, disregarded the law of the Eighth Circuit.

The district court rejected as "clearly erroneous" the bankruptcy court's finding respecting the Harrises' disposable income. It stated that in ruling that over three years the debtors could pay only 56 percent of their unsecured debt, "the bankruptcy court relied upon clearly erroneous findings, relied upon facts not in the record,

disregarded relevant facts in the record, and made findings unsupported by evidence." It concluded that the Harrises' actual disposable income would "enable [them] to pay approximately 156 percent of their unsecured debt over three years."

Finally, the court declined to consider the Harrises' constitutional challenge to § 707(b) because they had not raised that issue in the bankruptcy court.

## II.

■ A. The district court correctly rejected the bankruptcy court's holding that dismissal for substantial abuse under § 707(b) requires the moving party to show "egregious behavior" by the debtor.

Section 707(b) provides, in relevant part:

> [T]he court, on its own motion or on a motion by the United States trustee ... may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.

In *Walton*, we considered the meaning of "substantial abuse" under § 707(b). Walton had urged that we equate "substantial abuse" with "bad faith." We rejected this "cramped interpretation" because it "would drastically reduce the bankruptcy courts' ability to dismiss cases filed by debtors who are not dishonest, but who also are not needy," 866 F.2d at 983, and cited with approval the following language from *In re Kelly*, 841 F.2d 908, 914–15 (9th Cir.1988):

> [T]he debtor's ability to pay his debts when due as determined by his ability to fund a chapter 13 plan is the primary factor to be considered in determining whether granting relief would be substantial abuse.... We find this approach fully in keeping with Congress's intent in enacting section 707(b).... This is not to say that inability to pay will shield a debtor from section 707(b) dismissal where bad faith is otherwise shown. But a finding that a debtor is able to pay his debts, standing alone,

supports a conclusion of substantial abuse.

*See Walton*, 866 F.2d at 984–85.

We stated that "[w]e agree with the reasoning and result of the Ninth Circuit on this issue." *Id.* at 985. As the district court correctly noted, "[t]he *Walton* court clearly contemplates that the ability to fund a chapter 13 plan can be sufficient reason to dismiss a chapter 7 petition under § 707(b)." *See also In re Krohn*, 886 F.2d 123, 126–27 (6th Cir.1989).

Nothing in *Walton* even suggests, much less states, that dismissal under § 707(b), for "substantial abuse" requires a showing of "egregious behavior" by the bankrupt. To the contrary, *Walton's* holding that the "primary factor" in determining substantial abuse is the bankrupt's ability to pay his debts out of his income, is inconsistent with the additional "egregious behavior" requirement that the bankruptcy court engrafted onto the statute.

B. The Harrises urge us to follow the more recent decision of the Fourth Circuit in *In re Green*, 934 F.2d 568 (4th Cir.1991). There the bankruptcy court dismissed a Chapter 7 petition for substantial abuse because Green had substantial income in excess of his necessary expenses that could be used to pay his unsecured debt, and his "possession of income in excess of his necessary expenses was sufficient, standing alone, to constitute substantial abuse," under § 707(b). *Id.* at 570. "The district court held that the Bankruptcy Court acted properly in finding substantial abuse on the sole ground of Green's excess monthly income." *Id.*

The Fourth Circuit reversed, ruling that "the substantial abuse determination must be made on a case-by-case basis, in light of the totality of the circumstances." *Id.* at 572. Among the cases the court cited as taking that position was our *Walton* decision. The Fourth Circuit then stated:

> The "totality of the circumstances" approach involves an evaluation of factors such as the following:
>
> (1) Whether the bankruptcy petition was filed because of sudden illness, calamity, disability, or unemployment;

(2) Whether the debtor incurred cash advances and made consumer purchases far in excess of his ability to repay;

(3) Whether the debtor's proposed family budget is excessive or unreasonable;

(4) Whether the debtor's schedules and statement of current income and expenses reasonably and accurately reflect the true financial condition; and

(5) Whether the petition was filed in good faith.

*Id.*

 The controlling precedent in this circuit, however, is *Walton*, and we are required to follow it. Contrary to the Harrises' contention, we do not read *Walton* as adopting the "totality of the circumstances" approach that the Fourth Circuit adopted in *Green*. To the contrary, as we have indicated, the district court here correctly interpreted *Walton* as contemplating that "the ability to fund a chapter 13 plan can be sufficient reason to dismiss a chapter 7 petition under § 707(b)."

Although *Walton* stated that "the court may take the petitioner's good faith and unique hardships into consideration under section 707(b)," 866 F.2d at 983, that statement does not contemplate the sweeping and free ranging inquiry that the Fourth Circuit apparently required in *Green*. Indeed, we think that our narrower standard for determining "substantial abuse" in *Walton*, following the 9th Circuit *Kelly* decision, comports more with the Congressional purpose in § 707(b) than the 4th Circuit's broader standard in *Green*. Moreover, nothing in *Green* supports the bankruptcy court's "egregious behavior" standard.

 C. Applying the foregoing principles, the district court correctly ordered dismissal of the Harrises' Chapter 7 petition for "substantial abuse." The district court correctly rejected, as clearly erroneous, a number of the bankruptcy court's findings upon which it based its conclusion that the Harrises would be able to repay only 56 percent of their unsecured debt over three years. For example, the bankruptcy court *sua sponte* increased the Har-

rises' monthly food expenses by $200, failed to consider Ronald Harris' wage increase of $60 per month, and overstated the Harrises' monthly child care expense. On the basis of these adjustments, the district court determined that the Harrises would have a disposable income of $421.25, which would enable them "to pay approximately 156 percent of their unsecured debt over three years," rather than the $152 per month upon which the bankruptcy court based its determinations.

The Harrises do not here challenge the district court ruling that those findings of the bankruptcy court were clearly erroneous, and we uphold that ruling.

In *Walton*, we held that the debtor's ability to pay, out of future income, sixty-eight percent of unsecured debt within three years supported the determination of "substantial abuse." In the present case, the district court, after readjusting the Harrises' income and expenses figures to reflect the record, concluded that the Harrises' income in excess of expenses would enable them to pay 156 percent of their unsecured debt within three years. *A fortiori*, permitting the Harrises to discharge their unsecured debts through a Chapter 7 liquidating bankruptcy would constitute "substantial abuse" of that Chapter.

The Harrises contend that the district court failed to (1) give proper deference to the bankruptcy court's credibility determinations, and (2) acknowledge facts in the record that support the bankruptcy court's decision. (1) There is no issue of credibility in this case, and the district court did not reject any credibility determinations of the bankruptcy court—if there were any. (2) Under the correct interpretation of "substantial abuse" in § 707(b), there are no facts in the record that support the bankruptcy court's decision.

### III.

 Finally, the Harrises contend that the district court erroneously refused to consider their contention that § 707(b) is unconstitutional. The district court so ruled because they had not raised the issue

in the bankruptcy court. The district court relied on the statement in *In re Ozark Restaurant Equip. Co., Inc.*, 850 F.2d 342, 346 (8th Cir.1988), that, "[a]s a reviewing court the district court is not empowered to consider an issue not raised in the bankruptcy court." The Harrises rely on the statement in *In re Stratton*, 23 B.R. 284, 288 (B.S.D.1982), that new legal theories could be raised on appeal provided that the record contains the factual basis for the theory.

We deem it unnecessary to resolve that question, however, since we conclude that the Harrises' failure to raise the constitutional issue in the bankruptcy court makes it inappropriate for us to consider it.

The judgment of the district court, reversing the order of the bankruptcy court and remanding the case with instructions to dismiss the debtors' petition, is affirmed.