**In the Matter of Daniel and Penny SCHMIDT, Debtor.**

**Bankruptcy No. BK96–80149.**

United States Bankruptcy Court, D. Nebraska.

Aug. 15, 1996.

Thomas Srigenz, for debtor.

Sam King, for U.S. Trustee.

_____

*MEMORANDUM*

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on July 25, 1996, on Motion to Dismiss filed by the United States Trustee. Appearances: Thomas Srigenz for the debtors and Sam King for the United States Trustee. This memorandum contains findings of fact and conclusions of law required by Fed.Bankr.R. 7052 and Fed. R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(O).

### Background

Daniel Schmidt and Penny Dameron–Schmidt, co-debtors, filed a voluntary chapter 7 petition on January 30, 1996. In their Schedule F, they listed 28 creditors holding unsecured nonpriority claims totaling $129,-195.00. This amount represents primarily consumer debt as defined by 11 U.S.C. § 101(8).

The U.S. Trustee filed a motion to dismiss for substantial abuse pursuant to 11 U.S.C. § 707(b) on May 3, 1996. The Trustee alleged that the Schmidts understated their gross and net income on their Schedule I, overstated their monthly expenses on their Schedule J, over withhold from their monthly income for tax purposes, and overstated Penny Dameron–Schmidt's business expenses. According to the Trustee, the Schmidts therefore have between $1,700 and $2,700 monthly net disposable income with which they could fund a Chapter 13 plan, (Ex. 5 p. 3; Ex. 6 p. 2), and that therefore their petition should be dismissed for substantial abuse.

### Decision

■ Based on the facts of this case, the court determines that the debtors have a sufficient monthly net disposable income with which to fund a Chapter 13 plan, and therefore their voluntary Chapter 7 petition should be dismissed for substantial abuse pursuant to 11 U.S.C. § 707(b).

### Discussion

Congress has provided that certain Chapter 7 petitions may be dismissed where the granting of relief would constitute a substantial abuse. Section 707(b) of the Bankruptcy Code provides as follows:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

11 U.S.C. § 707(b). The debts listed on the debtors' Schedule F are primarily consumer debts (filing # 1; Ex. 4 pp. 9–11). A hearing on the U.S. trustee's motion to dismiss was held and the debtors and U.S. Trustee presented evidence. The sole issue presented is whether permitting the case to proceed under Chapter 7 would be a substantial abuse of the provisions of Chapter 7.

The Eighth Circuit has developed what it refers to as the *Walton/Harris* standard for

determining whether the granting of relief in a particular case would constitute a substantial abuse. See, *Fonder v. United States*, 974 F.2d 996 (8th Cir.1992). In *In re Walton*, 866 F.2d 981 (8th Cir.1989), the debtor filed a chapter 7 petition, and the bankruptcy court ordered a hearing pursuant to section 707(b). Following the hearing, the court found that the debtor's monthly income exceeded his monthly expenses by $218, and that this amount could be used to pay off a substantial portion of his debts under a Chapter 13 reorganization plan. On appeal, the district court affirmed the dismissal on the same grounds.. The Eighth Circuit also affirmed the bankruptcy court's dismissal, holding that in considering the term "substantial abuse" in section 707(b), a court looks to a debtor's ability to pay his or her debts out of future income as the primary factor. *Id.* at 983–84. The Court refused to equate "substantial abuse" with "bad faith," although it permitted a bankruptcy court to take a petitioner's good faith and unique hardships into consideration. *Id.* at 983. Finally, the Court quoted with approval a passage from *Zolg v. Kelly (In re Kelly)*, 841 F.2d 908 (9th Cir. 1988), wherein the Ninth Circuit held:

> [T]he debtor's ability to pay his debts when due as determined by his ability to fund a chapter 13 plan is the primary factor to be considered in determining whether granting relief would be substantial abuse.... We find this approach fully in keeping with Congress's intent in enacting section 707(b).... This is not to say that inability to pay will shield a debtor from section 707(b) dismissal where bad faith is otherwise shown. *But a finding that a debtor is able to pay his debts, standing alone, supports a conclusion of substantial abuse.*

*Walton*, 866 F.2d at 984–85 (quoting *Kelly*, 841 F.2d at 914–15) (emphasis supplied).

In *United States Trustee v. Harris*, 960 F.2d 74 (8th Cir.1992), the U.S. Trustee moved to dismiss the debtors' chapter 7 petition for substantial abuse. The bankruptcy court denied the motion, holding that "for there to be 'substantial abuse' that warrants dismissal of the petition, two conditions must be met: the moving party must establish (1) that there is '[e]gregious behavior, such as repeated bankruptcy filings evidencing a lack of good faith, fraud, impropriety or evidence of misconduct,' and (2) that a 'significant portion of unsecured debt may be paid by net disposable income under a three year Chapter 13 plan.'" *Id.* at 75. The district court reversed the bankruptcy court, ordering the petition dismissed. The Eighth Circuit affirmed the district court's decision, holding that nothing in *Walton* suggested or stated that dismissal for substantial abuse pursuant to section 707(b) required a showing of "egregious behavior" on the part of the debtor. The court reaffirmed its holding in *Walton* that the primary factor in determining substantial abuse is the debtor's ability to pay his or her debts out of future income and the ability to fund a chapter 13 plan can be sufficient reason to dismiss a chapter 7 petition under § 707(b).

In addition, the court rejected the "totality of circumstances" approach adopted by the Fourth Circuit in *In re Green*, 934 F.2d 568 (4th Cir.1991). In that case, the Fourth Circuit held that "the substantial abuse determination must be made on a case-by-case basis, in light of the totality of the circumstances," and listed five factors that a court should evaluate in determining whether granting relief would constitute a substantial abuse. *Id.* at 572. The Eighth Circuit disagreed with that analysis, stating that

> [c]ontrary to the [debtors'] contention, we do not read *Walton* as adopting the "totality of the circumstances" approach that the Fourth Circuit adopted in *Green* ...

> Although *Walton* stated that "the court may take the petitioner's good faith and unique hardships into consideration under section 707(b)," 866 F.2d at 983, that statement does not contemplate the sweeping and free ranging inquiry that the Fourth Circuit apparently required in *Green*.

*Harris*, 960 F.2d at 77.

Therefore, in this Circuit, the primary factor in determining whether granting relief would constitute a substantial abuse pursuant to section 707(b) is the debtor's ability to pay some of his or her debts out of future income, and the ability to fund a chap-

ter 13 plan can be a sufficient reason alone to dismiss a petition. However, this court does not read *Walton* and *Harris* to hold that anytime a debtor has any amount of net monthly disposable income, dismissal under section 707(b) is warranted. Neither does this court find that the debtor must have the ability to pay off a certain percentage of his or her unsecured debt under a three- or five-year chapter 13 plan. See, *Fonder v. United States*, 974 F.2d 996 (8th Cir.1992). This court has confirmed chapter 13 plans where few, if any, unsecured creditors received any payments as part of the plan. Neither the percentage of debt that could be paid under a plan, the number of creditors holding unsecured claims, nor the amount of the debtor's net monthly disposable income are dispositive of the issue.

■ In this case, the issue to be determined is the debtors' monthly gross and net income and their monthly expenses, and whether any net monthly disposable income is available to pay some of their debts and fund a chapter 13 plan. The debtors have filed an amended Schedule I and an amended Schedule J, but the U.S. Trustee disputes the figures on such amended schedules. The following amounts are found, as a fact, to be the gross income, deductions and disposable income, *for purposes of this motion only:*

1. This figure is based on an annual salary of $50,800. The debtors' amended Schedule I states that Daniel Schmidt's monthly income is $3,883, or an annual salary of $46,596. The Trustee maintains that Daniel's monthly income is $4,342, or an annual salary of $52,104. According to Daniel's 1996 pay stubs, the Trustee would be correct. However, the debtor admitted at the hearing on the matter that his annual salary could be as much as $50,800. Giving the debtor the benefit of the doubt, this figure has been used.

2. This figure does not include home mortgage, electricity, water, or vehicle costs. Those costs are included in the personal monthly expenses.

3. In the debtors' amended Schedule I, they claim that their retirement deduction is $292 per month. However, of that amount, only $52 is a mandatory deduction.

4. This figure represents *20% of the average monthly phone bill of 1996*. The debtors have indicated that 80% of their phone bill is for

### Monthly Gross Income

| | |
|---|---|
| Daniel: | $4,233.00[1] |
| Penny: | $5,443.00 |
| Total: | $9,676.00 |

### Monthly Payroll Deductions

| | Dan | Penny |
|---|---|---|
| Federal Tax: | $1,206 | $1,405 |
| Insurance: | $ 100 | $ 10 |
| Union Dues: | $ 50 | $ 0 |
| Business Expenses: | $ 0 | $1,652 [2] |
| Retirement: | $ 52 [3] | $ 0 |
| Total: | $1,408 | $3,067 |

Total Net Monthly Income: $5,201

### Personal Monthly Expenses

| | |
|---|---|
| Home Mortgage: | $1,273 |
| Electricity: | $ 71 |
| Water: | $ 73 |
| Telephone: | $ 33 [4] |
| Cable: | $ 50 |
| Home Maintenance: | $ 75 |
| Food: | $ 500 |
| Clothes: | $ 100 |
| Laundry: | $ 100 |
| Medical & Dental: | $ 140 |
| Transportation: | $ 972 [5] |
| Recreation & Entertainment: | $ 200 |
| Charity: | $ 50 |
| Auto Insurance: | $ 110 |
| Auto Payment: | $ 158 |
| Auto Lease: | $ 343 |
| Day care: | $ 100 |
| Total: | $4,348 |

| | |
|---|---|
| Total Net Income: | $5,201 |
| Total Net Expenses: | $4,348 |

**Net Monthly Disposable Income:** $ 853

business purposes, and is included as a business expense.

5. The debtors believe that they are entitled to a transportation expense of $150 for gas and maintenance, and an additional business expense deduction of $0.30 multiplied by the number of miles driven by Penny for her business. The debtors have stated that Penny has driven approximately 28,900 miles, and that she has approximately 10,000 more miles to be driven in 1996. According to the debtor's figures, this expense totals $972 per month on average. The debtors have arrived at the $0.30 per mile figure because the Internal Revenue Service allows them to deduct that amount from gross income as a business expense. The debtors are incorrect in utilizing this figure to arrive at their transportation expense. Whatever the I.R.S. does for tax purposes, the debtors are only allowed to claim actual expenses, not expenses that the I.R.S. allows them to deduct. Nevertheless, the court will give the debtors the benefit of the doubt and will calculate the debtors' expenses using the

For purposes of this motion, the debtors have $853 per month of disposable income, which would amount to $30,708 in a three-year chapter 13 plan, and $51,180 in a five-year chapter 13 plan. These amounts would sufficiently fund a chapter 13 plan. Therefore, it would constitute a substantial abuse to grant relief under chapter 7 based on the facts of this case, and the Trustee's motion to dismiss pursuant to section 707(b) is granted. However, the order of dismissal is stayed until August 27, 1996, to give debtors the opportunity to convert to Chapter 13.

Separate journal entry shall be entered.

---

$972 per month figure for purposes of this motion only. The additional $150 per month claimed by the debtors is not allowed, as the court feels that the $972 per month figure covers both business and personal expenses of operating the debtors' vehicles.