**In re George MATIAS, Taxpayer Identification #: 263–79–9073, Debtor.**

**No. 96–12340–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Sept. 23, 1996.

Mario A. Lamar, Miami, FL, for Debtor.

Marcia T. Dunn, Trustee, Miami, FL.

Office of the U.S. Trustee, Miami, FL, Steven R. Turner, Senior Attorney–Advisor.

### ORDER GRANTING MOTION OF UNITED STATES TRUSTEE TO DISMISS THIS CASE UNDER U.S.C. § 707(b) AND DISMISSING THIS CASE

A. JAY CRISTOL, Chief Judge.

This matter came before the Court on August 28, 1996 to consider the Motion Of United States Trustee To Dismiss This Case Under U.S.C. § 707(b) (the "Motion"). The Motion seeks to dismiss the debtor's chapter 7 case for substantial abuse under the provisions of 11 U.S.C. § 707(b). The debtor apparently was not present at the hearing, but counsel for the debtor was. Counsel for the debtor presented no evidence or witnesses to refute the allegations contained in the Motion and presented no cases to support the debtor's counsel's sole statement made at the hearing that this case did not constitute a substantial abuse and could not be dismissed under Section 707(b). Counsel for debtor did not request an evidentiary hearing and consented to the Court proceeding based upon the information before the Court.

The United States Trustee made brief argument at the hearing, stood by his Motion, and requested the hearing be continued until a full hearing could be held. The Court indicated that it believed the matter could be decided upon review of the Motion and the Court file, and requested both parties to submit proposed orders to the Court setting forth their arguments and case law for the Court's consideration. The debtor presented only a simple proposed order denying the Motion. There are no pleadings, memorandum, argument, or testimony refuting the arguments of the United States Trustee.

Having considered the Motion, the Court file and the arguments made by counsel at the hearing and in their proposed orders, the Court makes the following conclusions of law:

■ The granting of relief to this debtor would constitute a substantial abuse of the bankruptcy process as set forth at 11 U.S.C. Section 707(b). Section 707(b) provides that the Court may dismiss a case filed by an individual debtor under Chapter 7 whose debts are primarily consumer debts, if it finds that the granting of relief would be a substantial abuse of the provisions of Chapter 7.

The term "consumer debt" is defined by Section 101(8) of the Bankruptcy Code as a debt incurred by an individual primarily for a personal, family or household purpose. The debtor has primarily consumer debts. In the above-captioned case all of the secured and unsecured debts, as listed in the Schedules of assets and liabilities, appear to be consumer debts as that term is defined in the Bankruptcy Code. The debtor's secured debt consists of two secured loans, both in favor of City of Hialeah Retirement System, secured by the debtor's Annuity Savings Account with City of Hialeah Employee's Retirement System. (See Schedule D). Debtor intends to surrender the Annuity Savings Account to the City of Hialeah Employee's Retirement System. (See, Debtor's Statement of Intention; also see Schedule C which indicates that these accounts were not claimed as exempt). The debtor lists no priority creditors on Schedule E and lists only two unsecured creditors on Schedule F (totaling only $6,357.22). The debtor has not presented any evidence to rebut the argument of the

United States Trustee that the unsecured debt is primarily "consumer debt". It is clear from a review of the Schedules of assets and liabilities that the debtor's debts are primarily consumer debt.

■ The debtor has sufficient income to pay his debts without hardship within a year or to fund a Chapter 13 plan. This Court agrees with the decisions of the Eighth and Ninth Circuits which hold that the debtor's ability to pay debts when due, as determined by the ability to fund a Chapter 13 plan, is the primary factor to be considered in determining whether granting relief would be substantial abuse within the meaning of 11 U.S.C. Section 707(b). *U.S. Trustee v. Harris*, 960 F.2d 74 (8th Cir.1992); *In re Walton*, 866 F.2d 981 (8th Cir.1989); *In re Kelly*, 841 F.2d 908 (9th Cir.1988).

Based upon the debtor's Schedules I and J filed with the petition, the debtor claims to have net disposable income per month of $575.37 ($944.62 net monthly take home pay minus $369.25 of total monthly expenses).[1] The debtor amended Schedule J (Current Expenditures Of Individual Debtors) a week before the United States Trustee's Motion was filed to increase the debtor's total monthly expenses.[2] Based on the original Schedule I and the amended Schedule J, the debtor argues that his "amended" net disposable income per month is $129.37 ($944.62 net monthly take home pay minus $815.25 "amended" expenses). The United States Trustee argues that the "amended" net disposable income is $1,197.71 per month. The Court agrees.

Debtor's Schedule I indicates that the debtor's gross monthly income is $2,800.00, and that the debtor has deductions of $600.00 per month for payroll taxes and social security and $187.04 for "retirement" (presumably a retirement plan). Schedule I also indicates monthly payroll deductions of $878.34 for "Ret. loan", which apparently is payment toward the two secured debts listed on Sched-

ule D in favor of The City of Hialeah Retirement System. The debtor did not refute this argument. The Debtor's Schedule D indicates this secured debt is fully secured and the Debtor's Statement of Intention indicates the debtor intends to surrender the Annuity Savings Account with the City of Hialeah Employees Retirement System. Therefore, this secured debt will be extinguished and the debtor will no longer be required to make, and the City of Hialeah will no longer deduct, this $878.34 payment. As such, this $878.34 would be available to fund a Chapter 13 plan. Furthermore, Schedule I indicates a monthly payroll deduction of $190.00 for "Credit Union", which the United States Trustee argues is payment toward the unsecured debt in favor of the Hialeah Municipal Employee Federal Credit Union. The debtor did not refute this argument. This $190.00 payroll deduction need not, and should not, be made post-petition because it represents a pre-petition unsecured debt. A review of the Court file does not indicate that the debtor has sought to reaffirm this debt. Payment toward this unsecured debt should be made in a Chapter 13 plan along with a payment of the only other unsecured debt (to Sears in the scheduled amount of $1,357.22).

Deleting the $878.34 payroll deduction for the "Ret. loan" and deleting the $190.00 payroll deduction for "Credit Union" results in adjusted payroll deductions of $787.04 ($600.00 for monthly payroll taxes and social security *plus* $187.04 for monthly deductions for retirement plan), which results in an adjusted net monthly take home pay of $2,012.96 ($2,800.00 gross monthly income *minus* the $787.04 adjusted monthly payroll deductions). After deducting the total monthly expenses reflected on the debtor's amended Schedule J of $815.25, the debtor thus has a monthly adjusted net disposable income of $1,197.71 which is available to fund a chapter 13 plan.

---

1. The debtor testified at the 341 meeting that he resides with his parents, which results in low monthly expenses.

2. The United States Trustee apparently did not receive these amendments prior to filing the Motion. In this case the debtor's amendment still indicates a "net" monthly disposable income, and as indicated herein, certain payroll deductions must be disallowed, further indicating an increase in the net monthly disposable monthly income.

The debtor's Schedules indicate that he is eligible to be a debtor under chapter 13, as his total unsecured and secured debt falls below the limits set forth in 11 U.S.C. Section 109(e). The debtor's Schedule I indicates the debtor has been employed by the City of Hialeah since 1982 and no evidence was presented to the Court to indicate that he is not currently employed or that such employment will be terminated at any time in the near future.

The debtor is able to fund a chapter 13 plan which would pay all unsecured creditors 100% over a six (6) month period using all of the debtor's monthly adjusted net disposable income ($6,357.22 of unsecured debt listed on Schedule F divided by $1,197.71 adjusted monthly net disposable income = 5.31 months). Furthermore, the debtor could fund a chapter 13 plan which would pay all unsecured creditors 100% over a 11 month period using only 50% of the debtor's adjusted monthly net disposable income. Accordingly, it is

**ORDERED** that the Motion is granted and this case is dismissed with prejudice to the filing under chapter 7 of the United States Bankruptcy Code for a period of 12 months.