**In re Russell J. SEAGER and Judith R. Nagy, Debtors.**

**Bankruptcy No. 96–06185–6B7.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

March 27, 1997.

Mark Peters, Amari, Theriac & Eisenmenger, Cocoa, FL, for debtor.

Gene T. Chambers, Orlando, FL, Chapter 7 Trustee.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Orlando, in said District on February 19, 1997 before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b) (Doc. 20). Appearing before the Court were Mark Peters, counsel for the Debtors, Russell J. Seager and Judith R. Nagy; Gene T. Chambers, Chapter 7 Trustee; and Elena Escamilla, United States Trustee. After reviewing the pleadings, evidence, exhibits, live testimony of Russell J. Seager and Judith R. Nagy, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Debtors filed a voluntary petition under Chapter 7 on September 24, 1996. 11 U.S.C. § 101, *et seq.* The United States Trustee ("U.S. Trustee") filed a Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b) (Doc. 20) on December 24, 1996. The Debtors are individuals whose debts are primarily consumer debts as defined by 11 U.S.C. § 101(8) and as stipulated by the parties. The Debtors' creditors have filed claims totaling $520,966.08. The Debtors' secured debts total $291,931.00, consisting of a mortgage on a former residence in London, Ohio, liens on two vehicles, and an Internal Revenue Service debt. Proofs of Claims for unsecured debts total $176,252.00.

Judith R. Nagy ("Dr. Nagy") and Russell J. Seager ("Mr. Seager") are married. Dr. Nagy is an anesthesiologist. Dr. Nagy was not regularly employed from July, 1995 through November, 1995. She performed medical services on a part-time basis during this time. Dr. Nagy is presently employed with Anesthesia Associates of Titusville and has been since November, 1995. Mr. Seager provides day care and home schooling for his and Dr. Nagy's two minor children. He is not otherwise employed.

Dr. Nagy's net monthly income is $11,730.56. The Debtor's monthly expenses initially filed in their Schedule J were $9,096.49. The Debtors' monthly expenses in their amended Schedule J are $10,203.04. The amount of disposable income as a result is at least $1,527.00.

The Debtors provide tithing to their church, the Church of Latter Day Saints, in the amount of $1,925.00 per month. The Church determines the amount of tithing by taking 10% of the Debtors' gross income minus business expenses. The Debtors' son is a participant in the Church's mission. The Debtors' may actively participate in their church without donating the tithing. The Debtors must fully tithe for admission to the Church's Temple.

Relief from the automatic stay was obtained by Huntington National Bank, mortgagee on the Debtors' former residence in Ohio, on February 4, 1997 (Doc. 27) to complete foreclosure. The Debtors executed reaffirmation agreements with the Navy Federal Credit Union in the amount of $17,868.01 for a 1996 Ford utility vehicle (Doc. 36) and $18,268.72 for a 1994 Buick (Doc. 37). The reaffirmation agreements were filed March 10, 1997.

## CONCLUSIONS OF LAW

■ The issue is whether granting relief to the Debtors would be a substantial abuse of the provisions of Chapter 7.

Section 707(b) of the Bankruptcy Code states the following:

After notice and hearing, the court, on its own motion or on a motion by the United States Trustee ... may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be

a presumption in favor of granting the relief requested by the debtor.

11 U.S.C. § 707(b).

"Primarily consumer debts" are those debts which are incurred by an individual, primarily for personal, family, or household purpose. 11 U.S.C. § 101(8). The Debtors stipulate that their debts are primarily consumer debts.

■ There is no definition of the term "substantial abuse" in 11 U.S.C. § 707(b) nor another provision in the Bankruptcy Code. The majority approach in analyzing whether granting the debtor's relief under 707(b) would be a substantial abuse of Chapter 7 comes from the Eighth and Ninth Circuit Courts of Appeals. *See Zolg v. Kelly III (In re Kelly)*, 841 F.2d 908 (9th Cir.1988); *U.S. Trustee v. Harris*, 960 F.2d 74 (8th Cir.1992); *Fonder v. U.S.*, 974 F.2d 996 (8th Cir.1992). These courts look at the debtor's ability to repay the debts for which a discharge is sought. The rationale comes from the congressional record which states that the purpose of dismissal for substantial abuse is to uphold the creditors' interests in obtaining repayment where such repayment would not burden the debtor. *See In re Kelly*, 841 F.2d at 914. Use of Chapter 7 would be a substantial abuse where a debtor can meet his debts without difficulty as they come due.

■ There is a substantial abuse if the Debtors have the ability to repay their debts for which a discharge is sought. The Debtors have sufficient disposable income[1] and future income to feasibly and successfully repay some or all of their debts.

The secured debt on the Debtors' former residence in Ohio will be satisfied upon completion of foreclosure and any deficiency would be an unsecured debt. The secured claims on the two vehicles have been reaffirmed. The priority tax claims are nondischargeable.

A Chapter 7 will discharge the remaining unsecured debt. The Debtors, whether this case is dismissed under § 707(b) or relief is granted under Chapter 7, will have to deal with their secured and priority debt.

A discharge of the Debtors' remaining unsecured debt constitutes a substantial abuse under the facts of this case. It is a substantial abuse of Chapter 7 to allow a discharge of the Debtors' unsecured debt when they have the ability to repay their obligations. *See* 11 U.S.C. § 707(b). It would be a substantial abuse of the Bankruptcy Code not to dismiss the Debtors' petition. Accordingly, a dismissal pursuant to 11 U.S.C. § 707(b) is due to be granted.

---

1. The Debtors' donate a tithing to their Church. The United States Trustee raised the reasonableness of the amount of tithing as determinative of the Debtors' disposable income. The Debtors' amount of disposable income is sufficient assuming their tithing continues. The amount of the Debtors' tithing does not need to be addressed to establish their ability to repay their debts. It may need to be addressed under another chapter, assuming one is filed.