In re Martie R. WHITE, Debtor.

Bankruptcy No. 98–00513–TLH4.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Nov. 13, 1998.

Joseph Hughes, Tallahassee, Fl, for debtor.

William J. Miller, Tallahassee, FL, trustee.

## ORDER OF DISMISSAL

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS MATTER came on for hearing on the Court's Order to Appear and Show Cause. There has been no written response by the debtor as to why this case should not be dismissed. The United States Trustee appeared and stated that he had no opposition to the dismissal.

The record reflects that this case was filed as a Chapter 7 case on July 24, 1998. The debtor has scheduled total nonpriority claims totaling $69,071.32. No priority claims are scheduled, and the schedule of secured claims reflects two claims which appear to be fully secured. The comparison of schedules "I" and "J" reflects that the debtor has monthly take home pay of $3,426.20 with monthly expenses of $2,430.0. On the face of these schedules, the debtor appears to have $996.20 in disposable monthly income which would be available to pay the creditors. This sum would be sufficient in a Chapter 13 case to pay close to fifty (50%) percent of the claims of + all scheduled unsecured creditors. The granting of Chapter 7 relief in this case would constitute substantial abuse, mandating a dismissal of this case under 11 U.S.C. § 707(b); *see United States Trustee v. Harris,* 960 F.2d 74, 77 (8th Cir.1992) (the ability to fund a Chapter 13 plan may be a sufficient reason to dismiss a Chapter 7 petition for substantial abuse).

Debtor's counsel appeared at the hearing and advised the court that the debtor had moved to New Jersey around the time of the filing of this petition and that his income and expenses were different from those listed in Schedules I and J. However, this case has been pending since July 24, 1998. The order initiating this § 707(b) proceeding was issued on September 22, 1998. The debtor has made no effort to amend his schedules I and J nor has he presented any evidence of changed circumstances other than his counsel's arguments at the hearing. This is not sufficient to overcome the information pro-

vided under penalty of perjury in his schedules. Accordingly, it is

ORDERED AND ADJUDGED that debtor's case is hereby dismissed.