**In the Matter of Jan R. ROBINSON, Debtor.**

**Bankruptcy No. 98–03851–C J.**

United States Bankruptcy Court, S.D. Iowa.

Dec. 21, 1999.

Theodore R. Hoglan, Marshalltown, IA, for Debtor.

Donald F. Neiman, Des Moines, IA, Chapter 7 Trustee.

Sean M. O'Brien, Des Moines, IA, for Trustee.

## MEMORANDUM OF DECISION

LEE M. JACKWIG, Bankruptcy Judge.

Debtor Jan R. Robinson seeks to exempt a $35,000.00 workers' compensation contested case settlement from the bankruptcy estate. Chapter 7 Trustee Donald F. Neiman objects.

After a preliminary telephonic hearing on the controversy, the parties filed a stipulation of facts, written arguments and exhibits. Upon reviewing those documents, the Court found the parties had not addressed the threshold issue regarding the proper characterization of the contested case settlement as of the date the Debtor filed her bankruptcy petition. Accordingly, the Court conducted another telephonic hearing to permit the parties to argue that specific issue.

At the conclusion of the second telephonic hearing, the Court indicated she would be overruling the Trustee's objection in a written order. Having determined the facts of the case raise important issues for parties in interest in both the workers' compensation and bankruptcy forums to consider, the Court enters this memorandum of decision.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference entered by the U.S. District Court for the Southern District of Iowa. This is a core matter under 28 U.S.C. § 157(b)(2)(B).

### BACKGROUND

In their Stipulation of Facts, the parties set forth the following course of events:

1. On May 1, 1995, Jan Robinson's husband, Joseph Robinson, suffered a heart attack while he was in California making a delivery for his employer, Concorde Refrigerated, Inc.

2. Joseph died on May 3, 1995.

3. The following medical expenses were incurred during Joseph's course of treatment:

| | | | |
|---|---|---|---|
| a) | Shail Lal, M.D. | = | $319.00 |
| b) | South Coast Emergency Medical | = | $623.00 |
| c) | South Coast Emergency Medical | = | $274.00 |
| d) | West Anaheim Medical Center | = | $34,283.71 |
| e) | Total | = | $35,499.71¹ |

4. Jan filed a claim for benefits with the Iowa Workers' Compensation Commissioner.

5. Concorde denied the claim on the ground that Joseph's heart attack and death did not arise out of or in the course of his employment.

6. Following a contested case proceeding, a deputy workers' compensation commissioner ruled in favor of Concorde, and Jan appealed.

7. During the pendency of the appeal, the parties settled the contested case pursuant to Iowa Code § 85.35 for the amount of $35,000.

(Stipulation—Docket # 32.)

On September 2, 1998 the Debtor filed her petition for relief under Chapter 7 of the United States Bankruptcy Code. On Schedule B (Personal Property), the Debtor listed "workers' compensation benefits" in the amount of $35,000.00. On Schedule C (Property Claimed as Exempt), the Debtor claimed the benefits were exempt pursuant to Iowa Code § 627.13.² In Paragraph 4(a) of her Statement of Financial Affairs (Suits and administrative proceedings, executions, garnishments and attachments), Debtor reported *Joseph C. Robinson by Jan Robinson v. Concorde Refrigerated, Inc. and Fireman's Fund Insurance Company 1059037* was pending before the Iowa Workers' Compensation Commissioner (Commissioner) but the case was settled.³

The documents attached to the parties' briefs and arguments contain copies of the contested case settlement papers signed and filed in the workers' compensation case. (Trustee's Brief—Docket # 33 and Debtor's Brief—Docket # 34.) The parties based the settlement on Iowa Code § 85.35(1).⁴ Page two of the application bears the signatures of the Debtor, her

---

1. These medical debts appear as items 15–18 on Debtor's Schedule F (Creditors Holding Unsecured Nonpriority Claims).

2. As permitted by 11 U.S.C. § 522(b)(1), Iowa opted out of the federal exemption scheme. Iowa Code § 627.10 (1999). Accordingly, Iowa Code § 627.13 governs the exemption of workers' compensation. That section provides:

Any compensation due or that may become due an employee or dependent under chapter 85 is exempt from garnishment, attachment, execution, and assignment of income, except for the purposes of enforcing child, spousal, or medical support obligations. For the purposes of enforcing child, spousal, or medical support obligations, an assignment of income, garnishment or attachment of or the execution against compensation due an employee under chapter 85 is not exempt but shall be limited as specified in 15 U.S.C. § 1673(b).
Iowa Code § 627.13 (1999).

3. The Debtor's signature on the Statement of Financial Affairs is dated August 25, 1998.

4. Iowa Code § 85.35 provides in relevant part:

The parties to a contested case, or persons who are involved in a dispute which could culminate in a contested case may enter into a settlement of any claim arising under this chapter or chapter 85A, 85B or 86, providing for final disposition of the claim, provided that no final disposition affecting rights to future benefits may be had when the only dispute is the degree of disability resulting from an injury for which an award for payments or agreement for settlement under section 86.13 has been made. The settlement shall be in writing and submitted to the workers' compensation commissioner for approval. The settlement shall not be approved unless evidence of a bona fide dispute exists concerning any of the following:
1. The claimed injury arose out of or in the course of the employment.
   . . . .
Approval by the workers' compensation commissioner shall be binding on the parties and shall not be construed as an original proceeding. Notwithstanding any provisions of this chapter and chapters 85A, 85B, 86 and 87, an approved settlement shall constitute a final bar to any further

attorney, the insurance carrier's representative, and the Commissioner. The signatures of the Debtor and her attorney are dated August 15, 1998. The consent signature of the insurance carrier's representative is dated September 9, 1998. The Commissioner's signature, approving the settlement, is dated October 5, 1998—the date the documents were filed with the state agency.

The Trustee bases his written objection to Debtor's exemption on the following grounds:

a) Contested case settlements under Iowa Code § 85.35 are not considered "compensation" under the Workers [sic] Compensation Act.

b) The exemption afforded by Iowa Code § 627.13 applies only to funds in the hands of the employer, and the exemption ends once payment has been made to the employee[.]

c) The exemption afforded by Iowa Code § 627.13 does not apply here because the contested case settlement was made in lieu of payment of medical expenses and therefore falls within the exception for "medical support" obligations.

(Trustee's Amended Objection—Docket # 31.)

The Debtor contends the provision that "such payment shall not be construed as the payment of weekly compensation," found in § 85.35, simply clarifies that a contested case settlement is a "full and final settlement" of the claim that can not

be the subject of a review-reopening procedure three years from the date of the last payment. (Debtor's Brief—Docket # 34, at 2–3.) As for the Trustee's second argument, the Debtor maintains the Trustee's reliance on the words "due or that may become due an employee" is misplaced. *Id.* at 3–4. In response to the Trustee's third argument, the Debtor points out that the language of § 627.13 excluding "medical support obligations" refers only to medical obligations in the nature of child or spousal support. *Id.* at 4–5. Furthermore, the Debtor represents that "[i]t is simply a coincidence that the payment made is close in amount to the amount of medical expenses for which discharge is being sought." (*Id.* at 4.)

At the time of the second telephonic hearing, the parties acknowledged the contested case settlement had not been signed by all the parties and approved and filed by the Commissioner on the date the bankruptcy petition was filed.

## DISCUSSION

■ The Debtor commenced this Chapter 7 case by filing a voluntary petition for relief on September 2, 1998.[5] With exceptions not applicable here, that filing created a bankruptcy estate that included all the Debtor's legal or equitable interests in property as of the petition date.[6] The Debtor's interest in the cause of action pending before the Commissioner was property of the estate. *Mixon v. Anderson (In re Ozark Restaurant Equip.*

---

rights arising under this chapter and chapters 85A, 85B, 86 and 87. Such payment shall not be construed as the payment of weekly compensation.
Iowa Code § 85.35 (1999).

5. 11 U.S.C. § 301 provides:
A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 301 (1994).

6. 11 U.S.C. § 541(a) provides:
(a) The commencement of a case under § 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
11 U.S.C. § 541(a) (1994).

*Co., Inc.)*, 816 F.2d 1222, 1225 (8th Cir. 1987), *cert. denied sub nom. Jacoway v. Anderson*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987). Unless the Debtor's claim of exemption is proper under Iowa Code § 627.13, her interest in the cause of action passes to the Trustee as the representative of the estate.[7]

■ Since the contested case settlement had not been signed by all the parties and approved and filed by the Commissioner prior to the filing of this Chapter 7 case, determining whether § 627.13 encompasses a contested case settlement under § 85.35 is not necessary to the disposition of the Trustee's objection to the claim of exemption. Disposition of the objection, however, necessarily entails general consideration of contested case settlements.

That is, a Chapter 7 trustee typically abandons a bankruptcy estate's interest in a debtor's pending workers' compensation claim.[8] The rationale should be obvious. If pursuit of the litigation by a trustee results in the Commissioner awarding benefits, the benefits are exempt from the estate under Iowa law.[9] If the litigation results in the Commissioner denying benefits, the cause of action is of no value to the estate regardless of any claim of exemption.

If a trustee did not abandon the estate's interest in a workers' compensation claim in order to negotiate a contested case settlement before the Commissioner on the theory advanced by the Trustee in this case—that contested case settlements are not exempt under state law, the trustee would be required to seek bankruptcy court approval to execute the settlement.[10] Granting such a motion and denying any corresponding exemption claim of the debtor would skew the typical administration of these claims by Chapter 7 trustees. It could be argued that such an approach would amount to a judicial repeal of § 627.13 on a case-by-case basis.

Without concluding as a matter of law that the Debtor would have prevailed in this exemption controversy had the contested case settlement been signed by all the parties and approved and filed by the Commissioner as of the date the petition for relief was filed, the Court now addresses a troubling aspect of this particular case. That is, the Court has already granted the Debtor a general discharge of her debts. That discharge covers $941.74 in unsecured priority debt and $55,575.84

---

**7.** 11 U.S.C. § 704(1) provides:

The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

11 U.S.C. § 704(1) (1994).

**8.** 11 U.S.C. § 554(a) provides:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554(a) (1994).

**9.** If a debtor does not claim the potential benefits exempt in the original schedules, the debtor may amend to the extent permitted by Federal Rule of Bankruptcy Procedure 1009(a). That Rule provides:

(a) General Right to Amend. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.

Fed.R.Bankr.P. 1009(a). *In re LoCurto*, 239 B.R. 314 (Bankr.E.D.N.C.1999).

**10.** Federal Rule of Bankruptcy Procedure 9019(a) provides:

(a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed.R.Bankr.P. 9019(a).

in general unsecured debt,[11] including the medical debts in issue in the workers' compensation case.

According to Schedule I (Current Income of Individual Debtor) and Schedule J (Current Expenditures of Individual Debtor), the Debtor would have $130.95 in monthly disposable income postdischarge. Given that amount and the $35,000.00 contested case settlement, this Chapter 7 case seemingly should have been scrutinized for substantial abuse under 11 U.S.C. § 707(b).[12]

■    In determining substantial abuse issues, the Court of Appeals for the Eighth Circuit has directed the trial courts to focus on a Chapter 7 debtor's ability to pay creditors by taking into consideration that debtor's ability to fund a Chapter 13 plan. *In re Koch*, 109 F.3d 1285, 1288 (8th Cir. 1997); *Fonder v. United States*, 974 F.2d 996 (8th Cir.1992); *U.S. Trustee v. Harris*, 960 F.2d 74 (8th Cir.1992); *In re Walton*, 866 F.2d 981 (8th Cir.1989). *See also In re Nelson*, 223 B.R. 349 (8th Cir. BAP 1998). The trial courts must treat exempt postpetition workers' compensation payments as disposable income. *Koch*, 109 F.3d at 1289–90.

■    Whether the United States Trustee reviewed this case for substantial abuse and determined that a motion to dismiss pursuant to § 707(b) was not warranted is not evident from the record before the Court.[13] Even if the Court were to consider dismissal on her own motion,[14] such an exercise would have no tangible value at this juncture. Given that the Debtor did not hide the fact she anticipated receiving $35,000.00 as a result of the workers' compensation settlement, no ground exists to pursue a revocation of the general discharge.[15]

## CONCLUSION

WHEREFORE, the Court finds that the Debtor had an interest in a pending workers' compensation cause of action, not

11. After the Court entered the general discharge order, the Debtor amended Schedule F (Creditors Holding Unsecured Nonpriority Claims) to add a $341.00 debt owed Sysco Food Services of Iowa, Inc. (Amendment to Schedule F—Docket # 27.) *See generally Judd v. Wolfe*, 78 F.3d 110 (3rd Cir.1996) (holding that the Chapter 7 discharge covers even unlisted or unscheduled debts subject to discharge exceptions).

12. 11 U.S.C. § 707(b) provides:
    (b) After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor . . . .
    11 U.S.C. § 707(b) (Supp. IV 1998).

13. The Court notes that over the past few years the Assistant U.S. Trustee for the Southern District of Iowa has routinely investigated Chapter 7 cases for substantial abuse and has frequently filed motions to dismiss pursuant to 11 U.S.C. § 707(b). He typically prevails on those motions.

14. Since the Court is not in a position to review, to investigate and to prosecute each and every Chapter 7 case assigned to her docket, the Court has not brought any 11 U.S.C. § 707(b) motion *sua sponte*. *See generally In re Love*, 61 B.R. 558 (Bankr.S.D.Fla. 1986) (deeming dismissal *sua sponte* in error given the presumption in favor of granting relief).

15. 11 U.S.C. 727(d) provides in part:
    (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
    (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
    (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee . . . .
    11 U.S.C. § 727(d) (1994).

in a final agency approved contested case settlement, as of the petition date. Accordingly, the Court overrules the Trustee's pending objection to the Debtor's claim of exemption. A separate order shall be entered accordingly.