**Alan Lee HARGER, Debtor.**

**No. 01–02466–C.**

United States Bankruptcy Court, N.D. Iowa.

Oct. 3, 2001.

Joseph A. Peiffer, Cedar Rapids, IA, for Debtor.

Carol F. Dunbar, Waterloo, IA, trustee.

### ORDER RE MOTION TO DISMISS § 707b

PAUL J. KILBURG, Chief Judge.

On August 30, 2001, the above-captioned matter came on for hearing on the U.S. Trustee's Motion to Dismiss pursuant to § 707(b). Debtor appeared in person with

Attorney Joseph Peiffer. The U.S. Trustee was represented by Assistant U.S. Trustee John Schmillen. Evidence was presented after which the Court took the matter under advisement. Oral arguments were permitted at the end of the case. Neither party elected to submit additional briefs. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FINDINGS OF FACT

Debtor is a single individual who has been employed as a pipe fitter for Quaker Oats Company in Cedar Rapids, Iowa for more than 16 years. The Schedule I filed by Debtor at the time of filing his Chapter 7 petition on July 11, 2001 shows disposable income of $4,133 per month. Debtor's Schedule J establishes expenses of $3,727 per month. Without any additional showing, Debtor has income which could be contributed to a Chapter 13 plan in excess of $400 per month.

The U.S. Trustee presented evidence showing additional income as well as inappropriate expenses. On Schedule J, Debtor lists as an expense a $368 monthly payment toward a 401(k) loan. The U.S. Trustee asserts this is an inappropriate expense. Debtor received State and Federal income tax refunds for the last taxable year in a total amount of $6,758 or $563 per month. Finally, the U.S. Trustee asserts that Debtor's claim of $100 per month for recreational expenses is excessive and from this amount approximately $50 could be contributed to a Chapter 13 plan.

A review of the schedules establishes that, based solely on the filed Schedules I and J, Debtor has disposable income which could be contributed to a Chapter 13 plan slightly in excess of $400. Funds from the 401(k) loan payment would generate $368 per month. State and Federal tax refunds constitute an additional $563 per month. The elimination of $50 per month from recreational expenses under the present Schedule J generates $50 per month. The U.S. Trustee argues that, under present circumstances, Debtor would be capable of generating as much as $1,387 per month in plan payments.

Debtor asserts, however, and the U.S. Trustee does not seriously dispute that the failure to repay the 401(k) would constitute a taxable event which could cause tax liability of as much as 20% for penalty plus ordinary income taxes on the remainder. Debtor also asserts that, in the past, he has been able to claim head-of-household because of a son who was residing with him. His son now attends college and Debtor states that he will probably have a diminished tax refund based on his changed status.

Debtor testified that, on the income side of the ledger, he works substantial overtime. In the recent past, he has worked as much as 10 hours per week in overtime. Part of the work force at Quaker Oats is going on what is known as an alternate work schedule. It is possible that, sometime in the future, Debtor will also be placed on such a schedule. The upshot of this schedule is that it is intended to eliminate overtime. Debtor asserts that this would substantially diminish his income though the exact amount is uncertain.

Under the current analysis, however, Debtor could generate almost $50,000 in plan payments over a three year plan. Debtor's Schedule F reflects unsecured debt of slightly more than $59,000. The majority of this unsecured debt arises from Debtor's experience with a building contractor attempting to construct a new home. The U.S. Trustee asserts that, based on the present conditions, Debtor could pay as much as 62% of his unsecured debt. While Debtor is not specific, he asserts that additional expenses and a decrease in work hours could reflect a sub-

stantially different financial picture though he is uncertain as to exact amounts.

## CONCLUSIONS OF LAW

■ Section 707(b) of the Bankruptcy Code provides that:

> the court, on its own motion, or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under [chapter 7] whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of [chapter 7]. There shall be a presumption in favor of granting the relief requested by the debtor.

11 U.S.C. § 707(b). "Substantial abuse" is not a defined term. In the Eighth Circuit, "[a] Chapter 7 debtor's ability to fund a Chapter 13 plan 'is the primary factor to be considered in determining whether granting relief would be substantial abuse.'" *In re Koch*, 109 F.3d 1285, 1288 (8th Cir.1997); *In re Walton*, 866 F.2d 981, 983 (8th Circuit.1989). The Eighth Circuit has declined to adopt the "totality of circumstances" approach. *In re Harris*, 960 F.2d 74, 77 (8th Cir.1992). A debtor's "substantial ability to pay creditors standing alone warrants dismissal of a Chapter 7 petition for substantial abuse." *Koch*, 109 F.3d at 1288; *Harris*, 960 F.2d at 76. Egregious conduct is not a required element of substantial abuse dismissal. *Harris*, 960 F.2d at 76.

■ For § 707(b) purposes, ability to pay creditors is measured by evaluating Debtors' financial condition in a hypothetical Chapter 13 proceeding. *Koch*, 109 F.3d at 1288. Confirmation of Chapter 13 plans requires, if an objection to confirmation is advanced, that the plan provide that all of the debtor's projected disposable income to be received during a three-year plan will be applied to plan payments. 11 U.S.C. § 1325(b)(1)(B). "Disposable income" is income not reasonably necessary for support of the debtor, debtor's dependents or debtor's business. 11 U.S.C. § 1325(b)(2). Evaluating Debtor's ability to fund a Chapter 13 plan necessitates a review of his disposable income.

■ Revenues received from exempt sources during the life of a Chapter 13 plan are "income," the disposable portion of which must be paid to unsecured creditors if the plan is to be confirmed. *Koch*, 109 F.3d at 1289. This court has held that regular tax refunds should be taken into account in this analysis. *In re Nelson*, No. 97–03710S, slip op. at 5–6 (Bankr. N.D.Iowa March 16, 1998), *aff'd*, 223 B.R. 349 (8th Cir. BAP 1998). An analysis of projected disposable income necessarily considers the amount of the debtor's current income tax withholdings and whether any tax refund will be generated. *In re O'Brien*, 181 B.R. 71, 76 (Bankr.D.Ariz. 1995).

■ Including a cushion for emergencies or general maintenance in a debtor's schedule of expenses may be appropriate if it is not excessive and is sufficiently evidenced in the record. *In re Smith*, 222 B.R. 846, 859 (Bankr.N.D.Ind.1998). Treating payment for nonessential assets as expenses, however, operates to the detriment of unsecured creditors and violates the disposable income requirement. *In re Kasun*, 186 B.R. 62, 63 (Bankr.E.D.Va. 1995).

## ANALYSIS

■ This case does not require lengthy analysis. The U.S. Trustee asserts and Debtor does not seriously dispute that, under present analysis, Debtor can propose a plan which pays substantial amounts to unsecured creditors. By the U.S. Trustee's analysis, Debtor can be capable of paying as much as 62% of his unsecured debt. Debtor asserts that his

expenses may increase and his disposable income may decrease because of the imposition of an alternative work schedule. However, Chapter 13 is designed to be flexible. It allows for modification of an existing plan if changes occur in Debtor's financial picture. In a worse case scenario, Chapter 13 allows for conversion to Chapter 7. However, the finances of a debtor are determined as of the time of filing. Under this analysis, Debtor is capable of a substantial payment to creditors. Factors which are speculative and may impact ability to pay in the future must be addressed at the time that they actually occur.

This Court must conclude that the U.S. Trustee has established that Debtor has disposable income. Under the original schedules, Debtor has as much as $1,385 in income which could be applied toward a Chapter 13 plan. Much of Debtor's testimony involves situations which may occur, but are not a certainty, which would reduce income or increase expenses. The Court is convinced that Debtor can pay a substantial amount of his unsecured debt with a concerted effort under the present existing schedules. While the exact amount available for payment may vary somewhat, determination of the amount is a function of the plan process and is not an element of § 707(b). The evidence in this case warrants dismissal of Debtor's Chapter 7 petition for substantial abuse.

**WHEREFORE,** the U.S. Trustee's Motion to Dismiss is SUSTAINED.

**FURTHER,** Debtor shall be given 14 days from the date of this order to file a Motion to Convert to a Chapter 13 if he wishes to do so.

**FURTHER,** if Debtor does not convert to a Chapter 13 within this time period, this case will be dismissed without further notice or hearing.